NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

AUG 22 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NACOLE M. JIPPING, Trustee, | No. 17-35306 |
| Plaintiff-Appellee, | D.C. No. 3:16-cv-00125-SLG |
| v. | |
| FIRST NATIONAL BANK ALASKA, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Alaska
Sharon L. Gleason, District Judge, Presiding

Argued and Submitted August 15, 2018
Anchorage, Alaska

Before: HAWKINS, McKEOWN, and OWENS, Circuit Judges.

First National Bank Alaska ("FNBA") appeals from the district court's order

granting summary judgment to Nacole Jipping, Trustee of the Chapter 7

bankruptcy estate of Omni Enterprises, Inc. ("Omni"). As the parties are familiar

with the facts, we do not recount them here. We have jurisdiction under 28 U.S.C.

§ 158(d)(1), and we affirm.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Reviewing the contract as a whole, the district court correctly concluded that the integration clause in the 2013 Security Agreement precluded FNBA from relying on the 2009 Security Agreement to claim a security interest in Omni's deposit accounts. FNBA argues that it has a security interest in the deposit accounts for three reasons.

First, FNBA argues that the 2009 Security Agreement is part of the 2013 Security Agreement, as a "Related Document[]" referenced in the 2013 Security Agreement's integration clause. The integration clause states,

> This Agreement, together with any Related Documents, constitutes the entire understanding and agreement of the parties as to the matters set forth in this Agreement. No alteration of or amendment to this Agreement shall be effective unless given in writing and signed by the party or parties sought to be charged or bound by the alteration or amendment.

And Related Documents are defined in the 2013 Security Agreement as,

> [A]ll promissory notes, credit agreements, loan agreements, environmental agreements, guaranties, security agreement, mortgages, deeds of trust, security deeds, collateral mortgages, and all other instruments, agreements and documents, whether now or hereafter existing, executed in connection with the Indebtedness.

As the district court recognized, the most natural reading of the Related Documents clause construes the phrase "in connection with the Indebtedness" to refer solely to those documents executed with respect to the 2013 loan. *See Tesoro Alaska Co. v. Union Oil Co. of Cal.*, 305 P.3d 329, 333–34 (Alaska 2013) (recognizing that Alaska courts view "the contract as a whole" and "look first to the language of the

2

contract itself"). Because the 2009 Security Agreement was executed with respect to the 2009 loan, the 2009 Security Agreement is excluded from the definition of Related Documents.

Second, FNBA argues that even if the 2009 Security Agreement is not a Related Document, the integration clause only excludes prior agreements dealing with "the matters set forth in [the 2013 Security] Agreement." This reading of the integration clause would effectively render the integration clause meaningless, as it would not exclude anything from the 2013 Security Agreement. We therefore do not agree with this reading of the integration clause.

Third, FNBA argues that various other provisions in the 2013 Security Agreement are more specific than the general integration clause, and that those provisions suggest the 2009 Security Agreement is included within the 2013 Security Agreement, given the specific-governs-the-general rule of contract interpretation. *See* Restatement (Second) of Contracts § 203(c). But the provisions FNBA refers to are not more specific than the terms of the integration clause. Additionally, most of FNBA's arguments would have us look to the future advances provisions in the 2009 Security Agreement to conclude that FNBA has a security interest in the deposit accounts that it seized in connection with the 2013 loan. This we cannot do, as the parol evidence rule prevents a contract with an

integration clause from being "varied or contradicted by prior negotiations or agreements." *Still v. Cunningham*, 94 P.3d 1104, 1109 (Alaska 2004).[1]

**AFFIRMED**.

---

[1]     Because we conclude that the 2013 Security Agreement's integration clause precluded FNBA from claiming a security interest in the deposit accounts, we need not decide whether the 2009 Security Agreement was terminated when, in 2011, Omni paid off its 2009 loan in full.  Nevertheless, that the 2009 loan was paid off and released lends further support to our interpretation here.